# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### Civil Case No. 3:26-cv-00269

Bill Shull,                                )
                                           )
    Plaintiff,            )
                                           )
    v.                    )
                                           )   **COMPLAINT**
Medical Data Systems, Inc., d/b/a          )
Medical Revenue Services, a Florida        )   Jury Demanded
corporation,                               )
                                           )
    Defendant.            )

Plaintiff, Bill Shull, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the North Carolina Collection Agency Act, N.C.Gen.Stat. § 58-70-90 *et seq.* ("NCCAA") for a finding that Defendant's collection actions violated the FDCPA and NCCAA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331. This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

2.      Venue is proper in this District because: a) part of the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant transacts business here.

**PARTIES**

3. Plaintiff, Bill Shull ("Shull"), is citizen of the State of North Carolina from whom Defendant attempted to collect a defaulted consumer debt that he allegedly owed for medical services to Atrium Health Lincoln.

4. Defendant, Medical Data Systems, Inc., d/b/a Medical Revenue Service ("MRS"), is a Florida corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the U.S. Mail and/or the internet to collect, or attempt to collect, defaulted consumer debts that it did not originate. MRS operates a defaulted debt collection business, and attempts to collect debts from consumers in many states, including consumers in the State of North Carolina. MRS engages, directly or indirectly, in debt collection from consumers. MRS regularly engages in the business of collecting debt allegedly owed by consumers to others for profit. MRS holds a collection agency permit issued by the North Carolina Department of Insurance. MRS is a collection agency as defined by the NCCAA.

5. Defendant MRS was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

6. Defendant MRS is authorized to conduct business in the State of North Carolina and maintains a registered agent here. *See* record from the North Carolina Secretary of State, attached as Exhibit <u>A</u>. In fact, Defendant MRS conducts extensive

2

business in North Carolina and holds a license issued by the North Carolina Department of Insurance.

## FACTUAL ALLEGATIONS

7. Due to financial difficulties, Mr. Shull was unable to pay his debts, including a delinquent consumer debt (incurred primarily for personal, family, or household purposes) that he allegedly owed for medical services to Atrium Health Lincoln ("AHL"). Sometime after this debt went into default, it was obtained by Defendant who then attempted to collect the debt by sending him a collection email on February 12, 2026, demanding payment of the debt. A copy of this collection email is attached as Exhibit B.

8. Accordingly, Mr. Shull's attorney at Legal Advocates for Seniors and People with Disabilities ("LASPD") wrote to the Defendant, to inform it that he was represented by counsel and that he was exercising his right to have collection actions cease. A copy of this February 16, 2026, email letter and proof that it was received is attached as Exhibit C.

9. On March 27, 2026, Defendant continued its collection actions by sending another collection email, directly to Mr. Shull, demanding payment of the debt. A copy of this collection email is attached as Exhibit D.

10. As a result of the Defendant's continued collection actions, Mr. Shull had to take additional time and effort to get the information about the collection email to his

3

attorney at LASPD and then incur the time and expense (about $270), to have another attorney write a letter to Defendant to re-assert his right to be represented by counsel and re-assert his right to have collection communications cease. A copy of this letter is attached as Exhibit E.

## ARTICLE III STANDING

11. In enacting the FDCPA, Congress expressly set forth that the statute was intended to prevent "Abusive Practices":

> There is abundant evidence of the use of **abusive**, **deceptive**, and unfair debt collection practices by many debt collectors. Abusive debt collection Practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy**.

*See* 15 U.S.C. §1692(a) (Abusive practices)(emphasis added).

12. To achieve those ends, §1692c of the FDCPA limits the manner in which debt collectors may communicate with consumers; specifically §1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address (*see* 15 U.S.C. § 1692c(a)(2)), while § 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer who has "notified a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer." *See* 15 U.S.C. § 1692c(c).

4

13. Defendant's continued direct collection actions invaded Plaintiff's right to counsel and intruded upon his seclusion; Defendant's actions were a direct invasion of Mr. Shull's legally-protected right to be left alone and his right to privacy – rights granted to consumers under the common law and § 1692c of the FDCPA. *See* <u>Six v. IQ Data International</u>, 129 F.4th 630 (9th Cir. 2025); <u>Lupia v. Medicredit</u>, Inc., 8 F.4th 1184 (10th Cir. 2021); and <u>Persinger v. Southwest Credit Sys.</u>, 20 F.4th 1184 (7th Cir. 2021).

14. Defendant's collection actions alarmed, confused and emotionally distressed Mr. Shull, invaded his right to privacy/seclusion and caused him to have to take his time and effort, as well as expense, to reassert his right to be left alone. *See* <u>Mack v. Resurgent Capital Services</u>, 70 F.4th 395, 406-407 (7th Cir. 2023); <u>Walters v. Fast AC, LLC</u>, 60 F.4th 642, 649 (11th Cir. 2023) and <u>Ebaugh v. Medicredit, Inc.</u>, 2025 U.S.App.LEXIS 8530 at *1-2 (8th Cir. 2025).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications and Cease Collections

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. *See* 15 U.S.C. § 1692c(c).

5

17. Here, the letter from Mr. Shull's attorney at LASPD told Defendant to cease communications and cease collections. By continuing to demand payment of this debt, by writing directly to him, Defendant violated § 1692c(c) of the FDCPA.

18. Defendant's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. S*ee* 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With a Consumer Represented By Counsel

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain such attorney's name and address. *See* 15 U.S.C. § 1692c(a)(2).

21. Defendant knew that Mr. Shull was represented by counsel in connection with this debt because the letter that his attorneys at LASPD sent to Defendant, informing it, in writing, that he was represented by counsel, and directing Defendant to cease directly communicating with him. By writing directly to Mr. Shull, despite knowing that he was represented by attorneys, Defendant violated § 1692c(a)(2) of the FDCPA.

22. Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. *See* 15 U.S.C. § 1692k.

6

23. Plaintiff adopts and realleges ¶¶ 1-14.

24. Section 1692d of the FDCPA prohibits a debt collector from engaging in any conduct, the natural consequence of which is to harass, oppress or abuse any person in connections with the collection of a debt. *See* 15 U.S.C. § 1692d.

25. By directly writing to Mr. Shull, knowing that he was represented by attorneys, and knowing that he had refused to pay the debt, as is his right under the FDCPA, is conduct, the natural consequence of which, harassed, oppressed and abused Plaintiff, in violation of § 1692d of the FDCPA.

26. Defendant's violation of § 1692d of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. *See* 15 U.S.C. § 1692k.

**COUNT IV**
**Violation Of The NCCAA, N.C.Gen.Stat. § 58-70-115(3) --**
**Communicating With A Consumer After Being Notified by Counsel that He**
**Represents Said Consumer**

27. Plaintiff adopts and realleges ¶¶ 1-14.

28. Defendant's violations of the NCCAA include, but are not limited to, communicating with a consumer when the collection agency has been notified by the consumer's attorney that he represents said consumer, in violation of N.C.Gen.Stat. § 58-70-115(3).

7

29.     Defendant's violation of Section 58-70-115(3) of the NCCAA renders it liable for actual damages and civil penalties. *See* N.C.Gen.Stat. § 58-70-130(a) and (b).

## PRAYER FOR RELIEF

Plaintiff, Bill Shull, prays that this Court:

1.     Find that Defendant's collection practices violate the FDCPA and NCCAA;

2.     Enter judgment in favor of Plaintiff, and against Defendant, for

A. actual damages, pursuant to 15 U.S.C. § 1692k(a)(1) and N.C.Gen.Stat. 58-70-130(a), trebled pursuant to N.C.Gen.Stat. § 75-16;

B. statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2);

C. civil penalties, pursuant to N.C.Gen.Stat. § 58-70-130(b);

D. costs and reasonable attorney fees, pursuant to 15 U.S.C. § 1692k(a) and N.C.Gen.Stat.  75-16.1; and,

E. such other further relief deemed just.

## JURY DEMAND

Plaintiff Bill Shull demands trial by jury.

April 3, 2026

/s/ Craig M. Shapiro_____
Craig M. Shapiro (State Bar # 48887)
SHAPIRO LAW OFFICE, PLLC
644 Holly Springs Road, Suite 195
Holly Springs, North Carolina 27540
(919) 480-8885
craig@shapirolawofficepllc.com

8

David J. Philipps    (IL Bar No. 06196285)
(pro hac vice to be filed)
PHILIPPS & PHILIPPS, LTD.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com

9